# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DAVID SCHEURICH**
**VCC #M53661**                                                                **PLAINTIFF**

**V.**                              **1:16CV00102 JM/PSH**

**ALAN ROBERSON**                                                              **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Proposed Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

This case arises out of Scheurich's allegedly unlawful extradition to Illinois. On February 5, 2018, the Court granted Roberson's motion for summary judgment in part, dismissing Scheurich's official capacity claims, and denied Scheurich's motion for summary judgment. Doc. Nos. 97, 108. In ruling on the competing motions for summary judgment, the Court considered the following undisputed material facts:

    1.    On January 13, 2014, Scheurich was charged with Aggravated DUI under Illinois Statute 625 5/11-501(a). Doc. No. 54 at 1; Doc. No. 64 at 1; Doc. No. 92 at 1.

    2.    On May 2, 2014, Scheurich appeared in Champaign County, Illinois Circuit Court and, with his counsel present, plead guilty to Aggravated DUI/4, a Class 2 Felony. Doc. No. 54 at 1; Doc. No. 64 at 1; Doc. No. 92 at 1.

3. The Illinois Circuit Court accepted Scheurich's guilty plea and set the case for sentencing on July 7, 2014. Doc. No. 54 at 1; Doc. No. 64 at 1.

4. On or about July 1, 2014, Scheurich fled Illinois, claiming to be in fear for his life. Doc. No. 64 at 2; Doc. No. 92 at 2.

5. Scheurich failed to appear at the sentencing hearing on July 7, 2014, and in Scheurich's absence, the Court sentenced Scheurich to seven years incarceration in the Illinois Department of Corrections. Doc. No. 54 at 1; Doc. No. 64 at 1-2.

6. The Illinois Circuit Court judge issued a warrant for Scheurich's arrest at the July 7, 2014 hearing. Doc. No. 54 at 1; Doc. No. 64 at 2.

7. Scheurich was booked into the Cleburne County, Arkansas Detention Center on June 23, 2015. Doc. No. 54 at 1; Doc. No. 64 at 2; Doc. No. 92 at 2.

8. On June 24, 2015, Scheurich was arraigned in Cleburne County District Court and held on an out-of-state warrant from Illinois. Doc. No. 92 at 2.

9. Scheurich did not waive his extradition rights. Doc. No. 92 at 2.

10. On or about July 21, 2015, Bruce Rauner, governor of Illinois, signed a notice of extradition to the governor of Arkansas. Doc. No. 54 at 2; Doc. No. 64 at 2.

11. On July 22, 2015, the Illinois governor's office sent the extradition requisition and supporting documents to Arkansas Governor Asa Hutchinson. Doc. No. 54 at 2; Doc. No. 64 at 3.

12. On July 28, 2015, Scheurich attended a hearing in the District Court of Cleburne County, Arkansas in front of Judge Lance Wright. Doc. No. 54 at 2; Doc. No. 64 at 3.

13. On July 29, 2015, Judge Wright signed an order that stated, among other things, that the "matter" was set for another hearing on August 11, 2015, and that Scheurich should not be "surrendered to the State of Illinois unless ordered by the Circuit Court." Doc. No. 54 at 2; Doc. No. 64 at 3; Doc. No. 92 at 2-3.

14. Also on July 29, 2015, Arkansas governor Asa Hutchinson signed a Writ commanding Sheriff Roberson. . . to take David E. Scheurich for safekeeping and cause him to be delivered to Sheriff Daniel Walsh and/or his designated agent, the Agents of the State of Illinois to be taken into said State to be dealt with as law and justice may require. Doc. No. 54 at 2; Doc. No. 64 at 3.

> 15. On August 4, 2015, Scheurich filed a Petition for Writ of Habeas Corpus in the Circuit Court of Cleburne County, Arkansas. Doc. No. 65 at 4; Doc. No. 92 at 3. In that petition, he asserted that a certified copy of the Indictment/Information had not been provided as required by 21 U.S.C. § 3182. Roberson was named as the defendant in that case. It is unclear whether he was served with the petition, or if so, when.
>
> 16. On August 7, 2015, agents of Champaign County, Illinois Sheriff Daniel Walsh arrived at the detention center and, pursuant to extradition documents,[1] Sheriff Walsh's agents took Scheurich into custody from the Cleburne County detention center and delivered Scheurich to the custody of the Champaign County, Illinois Sheriff Office. Doc. No. 54 at 1-2; Doc. No. 64 at 2-4; Doc. No. 92 at 3.

Doc. No. 97 at 3-5, adopted at Doc. No. 108.

In denying Scheurich's motion for summary judgment, the Court noted: "Genuine issues of material fact remain such as the validity of the extradition documents relied on by Roberson, whether Roberson knew of Judge Wright's order, and whether Roberson knew of Scheurich's pending habeas petition." *Id*. at 13, adopted at Doc. No. 108.

Sheurich appealed the dismissal of his official capacity claims; the United States Court of Appeals for the Eighth Circuit dismissed the appeal for lack of jurisdiction. Doc. Nos. 119, 125. Once the mandate issued, United States District Judge James M. Moody entered a final scheduling order setting the date for a bench trial and for dispositive motions. Doc. No. 129. Roberson has filed a motion for summary judgement, Scheurich has responded, and Roberson has replied; Roberson's motion is ripe for consideration. After carefully reviewing all relevant filings, the Court recommends Roberson's motion be granted and Plaintiff's personal claims against him be dismissed, as explained below.

---

[1] The parties disputed the validity of the extradition documents.

3

## I. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## II. Facts

In support of his motion for summary judgment, Roberson adopts the statement of facts and referenced citations set out in the Proposed Findings and Partial Recommendations adopted by Judge Moody. Doc. Nos. 97, 108. Roberson also relies on the following undisputed material facts established largely by his affidavit sworn under penalty of perjury:

1. Roberson was not personally aware of the Cleburne County District Court's July 29, 2015 order until after Scheurich's extradition to Illinois on August 7, 2015. Doc. No. 134-1.

2. A copy of the district court's July 29, 2015 order is included in Scheurich's Cleburne County jail file. Roberson did not put the order in Sheurich's file and did not review Scheurich's file before allowing his extradition on August 7, 2015. *Id*.

3. Roberson was not personally aware of Scheurich's habeas petition filed August 4, 2015 in Cleburne County Circuit Court until after Scheurich was extradited to Illinois on August 7, 2015. Roberson does not recall being served with the petition or receiving it at any time; he first learned of the petition through this lawsuit. *Id*.

4. Ordinarily if Roberson or anyone at the sheriff's office receives a habeas petition, a copy is maintained in the inmate's jail file. A copy of Scheurich's habeas petition in not included in Scheurich's file. Roberson did not remove the petition from Scheurich's file prior to production in this case, nor, to Roberson's knowledge, did anyone else. *Id*. at 1-2.

5. Roberson was personally aware of the Writ issued by the Arkansas Governor in his name on or soon after July 29, 2015, and prior to Scheurich's extradition. Roberson believed that he was required to, and should, comply with the Writ by allowing Scheurich's extradition when Illinois agents arrived to transport Scheurich to Illinois on August 7, 2015. Id. at 2.

6. Copies of the extradition paperwork between the Governors and Sheriffs of Arkansas and Illinois are included in Scheurich's jail file. Doc. No. 54-3 at 2-3, 18-23, 25-27.

7. Roberson did not sign the extradition paperwork when Scheurich was released to a receiving Illinois law enforcement officer on August 7, 2015. Doc. No. 54-2 at 27.

8. Roberson had no intention of violating the state district court order or Scheurich's habeas rights or extradition rights when Scheurich was extradited. Doc. No. 134-1 at 2.

### III. Analysis

In denying summary judgment on Scheurich's personal capacity claims against Roberson, the Court cited *Brown v. Nutsch*, 19 F.2d 758 (8th Cir. 1980), which held that an arrested person has a right to judicial determination in the asylum state prior to extradition. Doc. No. 97 at 8-9. Roberson acknowledges *Brown* but asserts he did not violate Scheurich's rights because he did not know of the pending habeas petition or court order. Doc. No. 135 at 5-6.

In support of his argument, Roberson relies on *Hayes v. Faulkner County*, 285 F. Supp. 2d 1132, 1141-42 (E.D. Ark. 2003), *aff'd* 383 F.3d 669 (8th Cir. 2004). In *Hayes*, the defendant sheriff "did not possess the level of personal knowledge and awareness typically required to hold a county official liable in his individual capacity" because the sheriff was unaware the plaintiff did not receive a first appearance during his 38-day detention. *Id.* at 1141. Here, Roberson asserts he knew of neither Scheurich's habeas petition nor the court order.

Scheurich, in his response, does not contest Roberson's assertion that he lacked knowledge of the habeas petition or the court order. Rather, Scheurich maintains Roberson's motion for summary judgment should be denied because the following genuine issues of material fact remain: (1) whether Roberson was aware of the provisions of the Arkansas Uniform Criminal Extradition Act ("Extradition Act"); (2) whether Roberson simply ignored Scheurich's rights under the Extraction Act; and (3) whether Roberson informed Scheurich of his rights set out in the Certificate of Delivery of Fugitive ("Certificate"). Scheurich further maintains it is inappropriate to determine the question of Roberson's intent on summary judgment and that Roberson violated policy by not reviewing Scheurich's jail file before extradition. Doc. Nos. 140, 141.

Whether Roberson knew of and ignored Scheurich's rights under the Extradition Act turns on Roberson's knowledge of Scheurich's habeas petition and court order: if Roberson was unaware

of the petition and court order, he would not be ignoring a right. And Scheurich did not contest Roberson's lack of knowledge. As it is uncontested that Roberson was unaware of the habeas petition and court order, it would be irrelevant if he was also unaware of the Extradition Act.

With respect to the Certificate, Roberson acknowledges he was aware of the Certificate. Assuming Roberson did inform Scheurich of his rights, Scheurich nonetheless did not contest Roberson's lack of knowledge of the habeas petition or the court order. Assuming Roberson did not inform Scheurich of his rights does not change Roberson's lack of knowledge.

Roberson explained he did not intend to violate Scheurich's rights. Doc. No. 134-1 at 2. Again, Scheurich did not contest Roberson's assertions of fact. *See* Local Rule 56.1 ("All material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b).") Rather, Scheurich asserts that "a party's intent is a factual one particularly inappropriate for summary judgment." Doc. No. 141 at 4. At the summary judgment stage, Scheurich was required to meet proof with proof to create a genuine issue of material fact for trial. *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); *Bolderson v. City of Wentzville, Missouri*, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). But no proof was presented creating a genuine issue of material fact on the issue of intent, and the discovery deadline in this case has long passed.

To the extent Scheurich argues Roberson violated policy by not looking at his file before extradition, that alone does not rise to the level of a constitutional violation. *See, for example, Walton v. Dawson*, 752 F.3d 1109, 1122 (8th Cir. 2014). And neither Roberson's negligent or grossly negligent failure to look at Scheurich's file would rise to the level of a constitutional

violation. *See Davis v. White*, 794 F.3d 1008, 1015 (8th Cir. 2015). The Court also notes Roberson cannot be held liable because of his supervisory position. *See Marsh v. Phelps County*, 902 F.3d 745, 753 (8th Cir. 2018).

Considering Roberson's belief he was required to comply with the Writ and his lack of knowledge of Scheurich's habeas case and court order, together with Roberson's lack of intent to violate Scheurich's rights, Scheurich's personal capacity claims against Roberson fail. *See Hayes*, 285 F. Supp. 2d 1132 (E.D. Ark. 2003). Accordingly, Roberson is entitled to qualified immunity. The Court recommends Roberson's motion for summary judgment be granted and Plaintiff's claims be dismissed with prejudice.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Roberson's motion for summary judgment (Doc. No. 133) be GRANTED.

2. Scheurich's personal capacity claims against Roberson be DISMISSED WITH PREJUDICE.

3. This case be DISMISSED WITH PREJUDICE.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

DATED this 20th day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE